UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TC HULETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22 CV 623 MTS |
| | ) |
| SUPERIOR BOWEN CONSTRUCTION, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on review of the employment discrimination action filed by plaintiff TC Hulett. Doc. [1]. Based on that review, and for the reasons discussed below, the Court will transfer this matter to the United States District Court for the Western District of Missouri.

### Background

Plaintiff is a self-represented litigant who brings this civil action pursuant to Title VII of the Civil Rights Act of 1964 (Title VII). He names as defendants Superior Bowen, Mike Coleman, Steve Trotter, Bub Unknown, Tater Unknown, Dusty Unknown, and Stephan Unknown. *Id.* at 1-2).

In the complaint, plaintiff alleges that he was harassed, retaliated against, and terminated from his employment with Superior Bowen based on his race, color, and gender. *Id.* at 4-5. Attached to the complaint is a "Notice of Charge of Discrimination" from the Equal Employment Opportunity Commission and a right-to-sue letter from the Missouri Commission on Human Rights. Doc. [1-3] at 2-3. Plaintiff has also included an affidavit in which he presents factual allegations regarding his "employment with Superior Bowen Construction." Doc. [1-4] at 1. Along with the complaint, plaintiff also filed a

motion for appointment of counsel, and a motion for leave to proceed in forma pauperis. Docs. [2] and [3].

## Discussion

As noted above, plaintiff is a self-represented litigant who has filed an employment discrimination action under Title VII, 42 U.S.C. §§ 2000e, *et seq*. The purpose of Title VII is to ensure a workplace environment free of discrimination. *Ricci v. DeStefano*, 557 U.S. 557, 580 (2009). The act prohibits "employer discrimination on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like." *Winfrey v. City of Forrest City, Ark.*, 882 F.3d 757, 758 (8th Cir. 2018).

Claims arising under Title VII are strictly governed by the specific venue provisions in 42 U.S.C. § 2000e-5(f)(3). This section provides that Title VII claims may properly be brought in any judicial district in which: (1) "the unlawful employment practice is alleged to have been committed," (2) "the employment records relevant to such practice are maintained and administered," or (3) "the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. 2000e-5(f)(3).

Here, under all three of these subsections, venue is proper in the United States District Court for the Western District of Missouri. First, plaintiff states that he lives in Kansas City, Missouri, and that Superior Bowen, his employer, is likewise located there. Based on these facts, it appears that the alleged discriminatory practices also occurred in or around Kansas City, which is in the Western Division of the Western District of Missouri. *See* 28 U.S.C. § 105(b)(1). Further, there is no indication anywhere in the complaint that any activity related to plaintiff's claim occurred in the Eastern District of Missouri.

Second, because Superior Bowen is located in the Western District of Missouri, it stands to reason that any employment records pertinent to this case will also be located there. The Court also notes that the

2

documents attached to the complaint from the Missouri Human Rights Commission were generated from either their Kansas City or Jefferson City offices, both of which are in the Western District.

Finally, based on the factors already discussed, plaintiff would have been employed in the Western District but for the alleged unlawful employment practices committed by Superior Bowen.

For all these reasons, venue is proper in the Western District of Missouri, not the Eastern District of Missouri. Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." In this case, as discussed above, plaintiff has brought an employment discrimination suit pursuant to Title VII, and has included a charge of discrimination and a right-to-sue letter. The right-to-sue letter was apparently issued on March 22, 2022, and gave plaintiff until June 20, 2022 to file a lawsuit. The instant action was submitted to the Court on June 10, 2022, before this deadline. Therefore, it would be in the interest of justice to transfer this case to the United States District Court for the Western District of Missouri, rather than dismissing it. Plaintiff's motion for leave to proceed in forma pauperis and his motion for appointment of counsel will remain pending for review by the Western District.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall transfer this case to the United States District Court for the Western District of Missouri. *See* 28 U.S.C. § 1406(a).

Dated this 15th day of June, 2022.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE